**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **LARISSA HOLLAND CREATIVE, LLC d/b/a MMMCRAFTS,** a Georgia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**BARNES & NOBLE BOOKSELLERS, INC.,** a New York corporation; **PAPER SOURCE, LLC,** a Delaware limited liability company; **GIFTCRAFT 2025, INC.,** a Canadian corporation; **DOEs 1-3;** and **DOES 4-8,**<br><br>Defendants. | Civil Action No.: 1:26-cv-3121<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT; AND**<br><br>**2. VICARIOUS and/or CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff Larissa Holland Creative, LLC d/b/a MmmCrafts ("MmmCrafts" or "Plaintiff"), by and through its undersigned attorney, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Larissa Holland ("Holland") is a fiber artist and sewing pattern designer, and the principal of MmmCrafts. Holland is known for creating and selling original hand-sewn felt craft designs accompanied by detailed patterns and instructions. Holland's works are widely recognized for their distinctive aesthetic, meticulous craftsmanship, and highly detailed construction, reflecting significant artistic skill and originality.

Defendants Barnes & Noble Booksellers, Inc., Paper Source, LLC, Giftcraft 2025, Inc., Doe Defendants 1-3 and Doe Defendants 4-8 (collectively, "Defendants") have designed,

manufactured, imported, displayed, distributed, and sold ornament kits and advent calendars that are unauthorized inferior reproductions of Holland's protected "Twelve Days Ornament Series" ornaments. Despite receiving notice of MmmCraft's copyrights, Defendants have willfully continued their infringing activities, distributing the infringing products through major retailers including Barnes & Noble and Paper Source. Defendants' conduct constitutes knowing, deliberate, and ongoing infringement of Holland's exclusive rights under the Copyright Act, causing substantial harm to Plaintiff's business and goodwill.

## JURISDICTION & VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Personal jurisdiction over Defendants is proper in this District. Barnes & Noble Booksellers, Inc. is incorporated in New York, Paper Source, LLC is a Delaware limited liability company authorized to do business in New York, and Defendant Giftcraft 2025, Inc. is a Canadian corporation that regularly conducts business within this District by supplying products for sale in retail locations located herein, and each Defendant has purposefully availed itself of the privilege of conducting business in New York by importing, displaying, distributing, and selling products – including the infringing products – in this District and directing commercial activity toward consumers in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c) because Defendants are subject to personal jurisdiction in this District and therefore reside here for venue purposes. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including Defendants' marketing,

distribution, offering for sale, and sale of infringing products in this District, and the resulting injury to Plaintiff.

## PARTIES

5. Plaintiff Larissa Holland Creative, LLC d/b/a MmmCrafts is a limited liability company organized and existing under the laws of the State of Georgia with a principal mailing address of 301 Kelly Drive, Suite 3, Box 128, Peachtree City, Georgia 30269.

6. Upon information and belief, Defendant Barnes & Noble Booksellers, Inc. ("Barnes & Noble") is a New York corporation with its principal place of business located at 33 E. 17th Street, New York, New York 10003. Barnes & Noble displayed, offered for sale, sold and distributed the infringing products in retail stores nationwide and online.

7. Upon information and belief, Defendant Paper Source, LLC ("Paper Source") is a Delaware limited liability company authorized to do business in New York, with a New York office located at 33 E. 17th Street, New York, New York 10003. Paper Source displayed, offered for sale, sold and distributed the infringing products in retail stores nationwide and online.

8. Upon information and belief, Defendant Giftcraft 2025, Inc. ("Giftcraft") is a corporation organized and existing under the laws of Canada with a principal mailing address of 123 Great Gulf Dr, Vaughan, Ontario L6A 4M2, Canada. Giftcraft designed, manufactured, imported, and distributed the infringing products.

9. Upon information and belief, Doe Defendants 1-3, inclusive, are currently unidentifiable manufacturers and distributors of the Infringing Products, which Doe Defendants 1-3 have manufactured, imported, supplied, and distributed infringing products bearing unlawful reproductions of Plaintiff's designs without Plaintiff's consent, or have contributed to said

infringement. The true names, whether corporate, individual, or otherwise, of Doe Defendants 1-3, inclusive, are presently unknown to Plaintiff, who therefore sues said Doe Defendants 1-3 by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

10. Upon information and belief, Doe Defendants 4-8, inclusive, are currently unidentifiable retailers and/or vendors of the infringing products which Doe Defendants 4-8 have displayed and distributed without Plaintiff's consent or have contributed to said infringement. The true names, whether corporate, individual, or otherwise, of the Doe Defendants 4-8 are presently unknown to Plaintiff, who therefore sues said Doe Defendants 4-8 by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

11. Upon information and belief, at all relevant times, each Defendant was the agent, affiliate, officer, director, manager, principal, shareholder, member, alter ego, employee, and/or co-conspirator of each of the other Defendants and was acting within the scope of such relationship.

12. Upon information and belief, Defendants – and each of them – actively participated in, controlled, ratified, or otherwise adopted the infringing conduct of the others, with knowledge of the wrongful nature of such conduct and the resulting harm to Plaintiff.

## BACKGROUND

13. Prior to the conduct complained of herein, Holland created a series of original hand-sewn ornament designs entitled the "Twelve Days Ornament Series."

14. The "Twelve Days Ornament Series" is comprised of twelve (12) original individual works, each of which consists of two-dimensional artwork, patterns, text, and instructional materials

which are used to produce a finished sculptural ornament (the "Original Works"). The Original Works are depicted below.




15. On June 25, 2024, Holland validly assigned all right, title, and interest in and to the Original Works, including all copyrights and rights to enforce and sue for past, present, and future infringement, to Plaintiff Larissa Holland Creative, LLC pursuant to a written assignment. Consequently, Larissa Holland Creative, LLC is the owner of the copyrights in and to the Original Works and has standing to assert the claims alleged herein.

16. The Original Works were authored solely by Holland and are, and at all relevant times have been, owned exclusively by Plaintiff. The Original Works are the subject of valid U.S. copyright registrations, namely:

| COPYRIGHT REG. NO. | TITLE OF WORK | EFFECTIVE DATE |
|---|---|---|
| VA 2-155-761 | Partridge & Pear, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-155-766 | Turtle Dove, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-155-768 | French Hen, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-155-769 | Colly Bird, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-155-979 | Gold Ring, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-155-770 | Goose a-Laying, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-154-926 | Swan a-Swimming, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-154-927 | Maid a-Milking, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-154-930 | Drummer Drumming, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-154-934 | Piper Piping, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-154-935 | Lady Dancing, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |
| VA 2-154-938 | Lord a-Leaping, A Hand Sewn Ornament Pattern by Larissa Holland | January 12, 2019 |

17. Annexed hereto as **EXHIBIT A** are (a) true and accurate copies of the U.S. copyright registration certificates for the Original Works; (b) true and accurate reproductions of the deposit materials submitted to the United States Copyright Office for each of the Original Works; and (c)

the written assignment executed by Holland transferring ownership of such copyrights to Larissa Holland Creative, LLC.

18. Prior to the acts complained of herein, Plaintiff posted the Original Works and displayed and offered the Original Works for sale to the public on MmmCraft's Etsy storefront and on MmmCraft's website, and displayed the Original Works on MmmCraft's Facebook, Instagram and Pinterest social media accounts.

19. Subsequent to Plaintiff's publication and distribution of the Original Works, Holland discovered that certain entities and individuals had misappropriated the Original Works and were selling unauthorized products bearing illegal reproductions of the Original Works as mass-produced consumer products, including a "12 Days of Christmas DIY Ornaments" kit and a "12 Days of Christmas Magnetic Advent Tree" (collectively the "Infringing Products").

20. Without Plaintiff's authorization, Defendants manufactured, imported, displayed, distributed and sold the Infringing Products bearing designs which are identical, or substantially similar, to the Original Works.

21. Upon information and belief, Giftcraft and Does 1-3 created, manufactured and distributed the Infringing Products, while Barnes & Noble, Paper Source and Does 4-8 marketed, displayed, offered for sale and distributed them, including within this District, at retail stores nationwide.

22. The Infringing Products copy the protectable expressive elements of Plaintiff's works, including the distinctive shapes, proportions, color palettes, stitched motifs, decorative patterns, individual stylistic aesthetics, finely detailed decorative embellishments and overall look and feel of each of the Original Works.

23. Annexed hereto as **Exhibit B** are side-by-side comparisons demonstrating that the Infringing Products are substantially similar – and in many instances virtually identical – to Plaintiff's Original Works. Pursuant to Federal Rule of Civil Procedure 10(c), Exhibits A and B are incorporated into, and form part of, this Complaint for all purposes.

24. These comparison exemplars are non-inclusive, and the allegations set forth herein are as to the entire universe of products that bear designs similar to the Original Works, as used by Defendants, and each of them.

**NOTICE AND WILLFUL INFRINGEMENT**

25. On November 20, 2025, Plaintiff, through its counsel, sent a cease-and-desist letter (the "Notice") to Defendants Giftcraft, Barnes & Noble, and Paper Source, providing notice of Plaintiff's copyrights and demanding that Defendants cease all infringing activities, including the display and distribution of the Infringing Products.

26. The Notice demanded that Defendants immediately identify, segregate, and preserve all remaining inventory of the Infringing Products pending further instruction.

27. In the Notice, Plaintiff also demanded a full accounting of Defendants' infringing activities, including the number of units manufactured and sold, associated revenues and profits, identification of all parties involved in the design, production, and supply of the Infringing Products, and production of relevant documents and communications.

28. On November 26, 2025, Plaintiff received an email from Barnes & Noble, through its counsel, acknowledging receipt of the Notice and advising that it would investigate the Infringing Products and revert within a week. Barnes & Noble further informed Plaintiff that Giftcraft had been reorganized, rendering Plaintiff's contact information outdated.

29. On December 1, 2025, Plaintiff resent correspondence to Giftcraft's Canadian corporate entity, enclosing a copy of the Notice.

30. On December 2, 2025, Giftcraft, through its counsel, acknowledged receipt of the Notice. Shortly thereafter, Giftcraft inquired about a potential sell-off period for remaining inventory of the Infringing Products. Although Plaintiff initially considered the request, it ultimately rejected it after learning that only five percent (5%) of one product and eight percent (8%) of the other had been sold, a fact that provided reassurance to Plaintiff and alleviated its concerns given the significantly mitigated damages.

31. Plaintiff notified Giftcraft that it was rejecting Giftcraft's proposal for a sell-off period, principally due to the limited number of infringing units sold and the damage already avoided.

32. On December 18, 2025, Giftcraft acknowledged Plaintiff's rejection of the sell-off proposal and represented in writing that the Infringing Products had been "pulled from sales floors and online availability." Considering the minimal sales, Plaintiff understood that the scope of distribution – and resulting harm – had been limited.

33. In communications with Plaintiff, Giftcraft suggested that it may have acquired the Infringing Products through a corporate bankruptcy reorganization. Even if Giftcraft did not originate the infringing designs, Giftcraft continued and allowed third parties to continue the manufacture, display, distribution, and sale of the Infringing Products after receiving actual notice of Plaintiff's copyrights. Such post-notice conduct constitutes willful infringement under the Copyright Act.

34. On December 24, 2025, Plaintiff emailed Giftcraft to reiterate the Notice's original request for information to move the parties toward settlement.

35. Giftcraft did not respond to this request.

36. On January 1, 2026, Holland was informed by a customer and Instagram follower that the ornament kit – one of the Infringing Products – was being sold at a Barnes & Noble store in Skokie, Illinois, and that the customer recognized the design as Plaintiff's.

37. On January 5, 2026, Plaintiff emailed Giftcraft, notifying it of the continued sales of Infringing Product at Barnes & Noble's Skokie, Illinois store and again demanding that sales cease.

38. That same day, Holland asked MmmCraft's Instagram followers to monitor Barnes & Noble and Paper Source locations for the Infringing Products and to report any sightings.

39. Between January 5 and January 6, Holland received nearly thirty reports from MmmCrafts' Instagram followers identifying sightings of both Infringing Products being sold at retail locations nationwide, in some cases at a seventy-five percent (75%) post-holiday season discount. Included in those reports was one by a Paper Source employee who stated that she had just recently packed up the store's remaining Infringing Products and put them in storage until the 2026 holiday season.

40. On January 6, 2026, Plaintiff sent a second email to Giftcraft reporting these additional sightings of the Infringing Products at Barnes & Noble and Paper Source stores nationwide.

41. On January 6, 2026, Giftcraft responded to Plaintiff, reiterating its previous statement that the Infringing Products had been removed from store shelves and online availability. Giftcraft dismissed Plaintiff's claims as unverifiable yet made no effort to obtain additional information that would permit investigation of the reported infringement.

42. In the same communication, Giftcraft acknowledged that the Skokie, Illinois sale may have occurred, and that it was understood to be an "isolated incident," while also maintaining that the products had been withdrawn.

43. Giftcraft did not request any details or further information from Plaintiff regarding the alleged continued sales.

44. Giftcraft dismissed Plaintiff's evidence of over twenty product sightings as insufficient and stated that if Plaintiff wanted to provide additional evidence to support its claims, such information would be reviewed by Giftcraft "in due course".

45. Giftcraft did not indicate that any independent investigation had been or would be undertaken.

46. On January 19, 2026, Plaintiff sent Giftcraft and Barnes & Noble a detailed letter identifying numerous specific instances of the Infringing Products still being offered for sale, including dates, locations, and supporting information, and again demanded that sales of the Infringing Products cease.

47. On January 28, 2026, Giftcraft responded to Plaintiff's letter, continuing to dispute Plaintiff's assertions and to deny any ongoing infringement, maintaining that any continued sales were attributable to the vast number of individual Barnes & Noble's store locations rather than any failure to withdraw the Infringing Products.

48. Giftcraft further asserted that Plaintiff's documented reports of nationwide sightings did not constitute sufficient evidence and again requested additional documentation, despite Plaintiff's detailed reporting.

49. At no point did Giftcraft suggest that it had undertaken or would undertake any investigation into Plaintiff's reports of continued sales, or otherwise account for the widespread availability of the Infringing Products following its claimed withdrawal.

50. Defendants continued to display and sell the Infringing Products until at least January 8, 2026, at no fewer than twenty-five (25) distinct retail locations nationwide, including at Barnes & Noble and Paper Source stores, despite Defendants' actual knowledge of the infringement.

51. Most of these sales occurred after Defendants' December 18, 2025 written confirmation that sales had ceased, and well after Defendants' receipt of the Notice.

52. Giftcraft has neither addressed nor cooperated with any of the demands in Plaintiff's Notice.

53. Barnes & Noble has never responded to Plaintiff's Notice.

54. Despite Plaintiff's January 19, 2026 letter to Barnes & Noble reporting the continuing sales, Barnes & Noble did not acknowledge or respond to the Plaintiff's letter or take any corrective action.

55. Paper Source has neither acknowledged nor responded to Plaintiff's Notice.

56. Defendants' continued sales after notice, failure to recall or monitor inventory, and disregard of Plaintiff's express, written objections constitute willful infringement under 17 U.S.C. § 504(c)(2), including Defendants' failure to implement any meaningful recall, monitoring, or compliance measures following notice of infringement.

57. Upon information and belief, Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, and/or in reckless disregard of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

58. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

59. Plaintiff is, and at all relevant times has been, the owner of the Original Works.

60. The Original Works are copyrightable subject matter under 17 U.S.C. § 102(a)(5).

61. Plaintiff has complied in all respects with the provisions and requirements of the Copyright Act.

62. Holland duly registered the copyrights in the Original Works with the United States Copyright Office and subsequently assigned all right, title, and interest in and to the copyrights, together with all associated rights, to Plaintiff.

63. Plaintiff has exclusive rights under 17 U.S.C. § 106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Original Works.

64. Without Plaintiff's authorization, the Original Works were reproduced on the Infringing Products which were publicly displayed, distributed and sold by Defendants.

65. Plaintiff provided written notice of its copyrights to Defendants and identified the Infringing Products.

66. Defendants, and each of them, had actual knowledge of the infringement of Plaintiff's copyrights.

67. Defendants failed to cease display and sale of the Infringing Products despite Plaintiff's repeated demands and notices, resulting in the continued sale of Infringing Products for over six (6) weeks after Plaintiff's Notice.

68. In failing to cease the display and sale of the Infringing Products after receipt of Plaintiff's Notice, Defendants acted willfully as contemplated by 17 U.S.C. § 504(c)(2).

69. Defendants directly infringed Plaintiff's copyrights by reproducing, manufacturing, importing, publicly displaying, distributing and selling the Infringing Products.

70. Upon information and belief, Defendants had access to the Original Works through, *inter alia*, Plaintiff's website, Etsy storefront and social media accounts, as well as through MmmCraft's customers' widespread online display of their own crafted versions of Plaintiff's designs on their websites and social media. Access is further evidenced by the striking similarity between the Original Works and the Infringing Products.

71. Upon information and belief, one or more of the Defendant DOEs 1–3 manufacturers/ distributors have an ongoing business relationship with the Defendant DOEs 4-8 retailers, and each of them, and supplied the Infringing Products to said retailers.

72. Upon information and belief, Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing infringing and/or derivative works from the Original Works and by importing, producing, distributing, displaying, and/or selling the Infringing Products.

73. Due to Defendants', and each of their, acts of infringement, Plaintiff's business and reputation have suffered substantial damages, including without limitation, lost sales, price erosion, diminished product value resulting from Defendants' inferior products, reputational harm, and loss of control over its proprietary works, in an amount to be established at trial.

74. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

75. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Original Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Original Works in an amount to be established at trial.

76. Upon information and belief, Defendants and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

77. Plaintiff claims all damages and remedies available under 17 U.S.C. 504, *et seq*.

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

78. Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this complaint as if fully set forth herein.

79. Upon information and belief, Defendants, and each of them, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and subsequent importation and distribution of the Infringing Products and other products featuring the Original Works, as alleged herein.

80. Upon information and belief, Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

81. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

82. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Original Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Original Works, in an amount to be established at trial.

83. Upon information and belief, Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

84. Plaintiff claims all damages and remedies available under 17 U.S.C. 504, *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against each Defendant, namely:

A. A judgment that Defendants have infringed Plaintiff's federally registered copyrights in violation of 17 U.S.C. § 501;

B. An order enjoining Defendants, and each of them, and their respective agents, officers, employees and servants from manufacturing, creating derivative works, publishing, displaying, importing distributing, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Original Works;

C. An impoundment of all unauthorized material that bears infringing copies of the Original Works in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Works, pursuant to 17 U.S.C. §503(b);

D. An award to Plaintiff of all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 504(c);

E. that Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

F. that Plaintiff be awarded pre-judgment interest as allowed by law;

G. that Plaintiff be awarded the costs of this action; and

H. that Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Dated: April 16, 2026

Respectfully submitted,

By: *<u>/s/ Emily A. Danchuk</u>*
Emily A. Danchuk, Esq.
Danchuk Law, LLC
*Attorney for Plaintiff Larissa Holland Creative, LLC*