**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LARISSA HOLLAND CREATIVE, LLC d/b/a MMMCRAFTS,<br><br>Plaintiff,<br><br>v.<br><br>BARNES & NOBLE BOOKSELLERS, INC., et al.,<br><br>Defendants. | Case No.: 1:26-cv-3121<br><br>Judge Valerie E. Caproni<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT GIFTCRAFT 2025 INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Giftcraft 2025 Inc. ("Giftcraft") hereby answers, for itself and no others, the Complaint filed by plaintiff Larissa Holland Creative, LLC d/b/a MmmCrafts ("Plaintiff") in the above-captioned action. For its answer, Giftcraft responds to the Complaint as follows, and hereby denies all allegations not expressly admitted below:

Giftcraft lacks information sufficient to form a belief as to the truth of the unnumbered allegations in the Complaint's "Introduction" regarding Plaintiff or its supposed works and therefore denies them. Giftcraft denies the remaining allegations stated in the Complaint's Introduction Section.

**AS TO "JURISDICTION AND VENUE"**

1. Giftcraft admits the allegations in Paragraph 1 of the Complaint.

2. Giftcraft admits the allegations in Paragraph 2 of the Complaint.

3. Giftcraft admits that Giftcraft is a Canadian corporation that conducts business within this District. As to the allegation in Paragraph 3 of the Complaint that Giftcraft "regularly conducts business" within the district, this characterization relies upon an unstated scope, and

therefore, Giftcraft lacks information sufficient to form a belief as to that allegation and therefore denies it. Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4. Giftcraft admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(c). Giftcraft denies the remainder of the allegations in Paragraph 4 of the Complaint.

**AS TO "PARTIES"**

5. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and therefore denies them.

7. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Giftcraft admits that it is a corporation organized under Canadian law with a principal mailing address of 123 Great Gulf Dr, Vaughan, Ontario L6A 4M2, Canada. Giftcraft denies the remainder of the allegations in Paragraph 8 of the Complaint.

9. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and therefore denies them.

10. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and therefore denies them.

11. Paragraph 11 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Giftcraft denies the allegations in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint contains legal conclusions to which no response is

required. To the extent a response is required, Giftcraft denies the allegations in Paragraph 12 of the Complaint.

## AS TO "BACKGROUND"

13. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies them.

14. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint and therefore denies them.

15. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies them.

16. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and therefore deny them.

17. The content of Exhibit A to the Complaint speaks for itself and does not require admission or denial. To the extent Paragraph 17 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft lacks information sufficient to form a belief as to the truth of those allegations and therefore denies them.

18. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and therefore denies them.

19. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and therefore denies them.

20. Giftcraft denies the allegations in Paragraph 20 of the Complaint.

21. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and therefore denies them.

22. Paragraph 22 of the Complaint contains legal conclusions to which no response is

required. To the extent a response is required, Giftcraft denies the allegations in Paragraph 22 of the Complaint.

23. The content of Exhibit B to the Complaint speaks for itself and does not require admission or denial. To the extent Paragraph 23 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft denies the allegations in Paragraph 23 of the Complaint.

24. The allegations that the "comparison exemplars are non-inclusive" and encompass the "entire universe of products" is vague and ambiguous and, therefore, Giftcraft is unable to admit or deny them. Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 24 of the Complaint and therefore denies them. To the extent Paragraph 24 of the Complaint contains any further allegations, Giftcraft denies them.

25. Paragraph 25 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent a response is required, Giftcraft admits that it received a letter, stating a date of November 20, 2025 that it understands to be from Plaintiff, through its counsel. Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 25 of the Complaint and therefore denies them.

26. Paragraph 26 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent Paragraph 26 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft lacks information sufficient to form a belief as to the truth of those allegations and therefore denies them.

27. Paragraph 27 of the Complaint appears to reference the content of written pre-suit

communications that speak for themselves and do not require admission or denial. To the extent Paragraph 27 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft lacks information sufficient to form a belief as to the truth of those allegations and therefore denies them.

28. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint and therefore denies them.

29. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and therefore denies them.

30. Paragraph 30 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. Giftcraft admits that it communicated with counsel for Plaintiff on December 2, 2025 regarding certain potential terms, as stated in those communications, including the possibility of an agreement that would allow the sale of current inventory of certain products. Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 30 of the Complaint and therefore denies them.

31. Paragraph 31 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. Giftcraft admits that Plaintiff did not accept any proposed resolution terms. Giftcraft lacks information to form a belief as to the truth of the remainder of the allegations in Paragraph 31 of the Complaint and therefore denies them.

32. Paragraph 32 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent a response is required, Giftcraft admits that it communicated with counsel for Plaintiff on December

18, 2025. Giftcraft denies the remainder of the allegations in Paragraph 32 of the Complaint regarding what it supposedly represented in that communication. Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 32 of the Complaint and therefore denies them.

33. Paragraph 33 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. The remainder of Paragraph 33 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Giftcraft denies the allegations in Paragraph 33 of the Complaint.

34. Paragraph 34 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. Giftcraft admits that it received a communication from counsel for Plaintiff on December 24, 2025. Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 34 of the Complaint and therefore denies them.

35. Paragraph 35 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent Paragraph 35 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft denies them.

36. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37. Paragraph 37 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft admits that it received a communication from counsel for Plaintiff on January 5, 2026, but denies the allegation that such communication "demand[ed] that

sales cease." Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 37 of the Complaint and therefore denies them.

38. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies them.

39. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies them.

40. Paragraph 40 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft admits that it received communication from counsel for Plaintiff on January 6, 2026, but denies that such communication "report[ed] these additional sightings of the Infringing Products at Barnes & Noble and Paper Source stores nationwide." Giftcraft denies the remainder of Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft admits that it communicated with counsel for Plaintiff on January 6, 2026. Giftcraft denies the remainder of the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft admits that it communicated with counsel for Plaintiff on January 6, 2026. Giftcraft denies the remainder of the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft denies the allegations in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft denies the allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. Further responding, the term "independent investigation" is vague and ambiguous, depriving Giftcraft of the ability to admit or deny the related allegation. To the extent Paragraph 45 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft denies the allegations in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint appears to reference the content of written pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft admits that it received a letter from counsel for Plaintiff on January 19, 2026. To the extent Paragraph 46 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft denies the remainder of the allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint appears to reference the content of pre-suit communications that speak for themselves and do not require admission or denial. To the extent further response is required, Giftcraft admits that, on January 28, 2026 it responded to the letter received from Plaintiff on January 19, 2026. To the extent Paragraph 47 of the Complaint contains any further allegations or otherwise requires further response, Giftcraft denies the remainder of the allegations in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint appears to reference the content of pre-suit communications that speak for themselves and do not require admission or denial. To the extent

further response is required, Paragraph 48 of the Complaint contains only subjective characterizations of written communications, which are not amenable to admission or denial by Giftcraft, and, therefore, Giftcraft denies the remainder of the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint appears to reference the content of pre-suit communications that speak for themselves and do not require admission or denial. Further responding, the term “investigation” is vague and ambiguous. To the extent further response is required, Paragraph 49 of the Complaint contains only subjective characterizations of written communications, which are not amenable to admission or denial by Giftcraft, and, therefore, Giftcraft denies the remainder of the allegations in Paragraph 49 of the Complaint.

50. Giftcraft denies the allegation in Paragraph 50 of the Complaint that it had “actual knowledge of” and “infringement.” Giftcraft lacks information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 50 of the Complaint and therefore denies them.

51. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies them.

52. Giftcraft denies the allegations in Paragraph 52 of the Complaint

53. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies them.

54. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies them

55. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies them.

56. Giftcraft denies the allegations in Paragraph 56 of the Complaint.

57. Giftcraft denies the allegations in Paragraph 57 of the Complaint.

**AS TO "FIRST CLAIM FOR RELIEF"**
**for "Copyright Infringement"**

58. Insofar as Plaintiff incorporates each of the preceding paragraphs of the Complaint, Giftcraft repeats and realleges its responses thereto, as if fully set forth herein.

59. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Complaint and therefore denies them.

60. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and therefore denies them.

61. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and therefore denies them.

62. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore denies them.

63. Giftcraft lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies them.

64. Giftcraft denies the allegations in Paragraph 64 of the Complaint.

65. Giftcraft denies the allegations in Paragraph 65 of the Complaint.

66. Giftcraft denies the allegations in Paragraph 66 of the Complaint.

67. Giftcraft denies the allegations in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Giftcraft denies the allegations in Paragraph 68 of the Complaint.

69. Giftcraft denies the allegations in Paragraph 69 of the Complaint.

70. Giftcraft denies the allegations in Paragraph 70 of the Complaint.

71. Giftcraft denies the allegations in Paragraph 71 of the Complaint.

72. Giftcraft denies the allegations in Paragraph 72 of the Complaint.

73. Giftcraft denies the allegations in Paragraph 73 of the Complaint.

74. Giftcraft denies the allegations in Paragraph 74 of the Complaint.

75. Giftcraft denies the allegations in Paragraph 75 of the Complaint.

76. Giftcraft denies the allegations in Paragraph 76 of the Complaint.

77. Giftcraft admits that Plaintiff purports to claim all damages and remedies available under 17 U.S.C. 504, et seq., but denies that Plaintiff is entitled to any such remedies.

**AS TO "SECOND CLAIM FOR RELIEF"**
**For "Vicarious and/or Contributory Copyright Infringement"**

78. Insofar as Plaintiff incorporates each of the preceding paragraphs of the Complaint, Giftcraft repeats and realleges its responses thereto, as if fully set forth herein.

79. Giftcraft denies the allegations in Paragraph 79 of the Complaint.

80. Giftcraft denies the allegations in Paragraph 80 of the Complaint.

81. Giftcraft denies the allegations in Paragraph 81 of the Complaint.

82. Giftcraft denies the allegations in Paragraph 82 of the Complaint.

83. Giftcraft denies the allegations in Paragraph 83 of the Complaint.

84. Giftcraft admits that Plaintiff purports to claim all damages and remedies available under 17 U.S.C. 504, et seq., but denies that Plaintiff is entitled to any such remedies.

**AS TO PLAINTIFF'S "PRAYER FOR RELIEF"**

Giftcraft denies that Plaintiff is entitled to any relief it requests in Paragraphs A-H of its Prayer for Relief.

* * * *

## DEFENSES

Giftcraft alleges and asserts the following defenses in response to Plaintiff's allegations and reserves all rights to allege additional defenses that may now exist or become known through the course of discovery or further investigation in this case. For the asserted defenses, Giftcraft does not assume the burden of proof where such burden is not legally upon Giftcraft. Giftcraft has not knowingly or intentionally waived any additional applicable defenses, and by listing certain defenses herein, Giftcraft does not waive any other defenses that may apply.

### FIRST DEFENSE

To the extent any infringement of any copyrights occurred, such infringement was innocent and without intention.

### SECOND DEFENSE

To the extent any infringement of any copyrights occurred, Giftcraft has not generated any profits attributable to that infringement.

### THIRD DEFENSE

Plaintiff's claim is barred in whole or in part, by the equitable doctrines of acquiescence and/or estoppel.

### FOURTH DEFENSE

Plaintiff has sustained no harm, irreparable or otherwise, due to any action by Giftcraft.

### FIFTH DEFENSE

Plaintiff's claim is barred or limited due to bars or limitations to its copyrights under the scènes à faire doctrine.

### SIXTH DEFENSE

Plaintiff's claim is barred in whole or in part, by the merger doctrine.

* * * *

**DEMAND FOR JURY TRIAL**

Giftcraft demands a jury trial as to all issues arising in this action that are so triable.

Dated: July 23,2026

Respectfully submitted,

*/s/ Ross A. Wilson*
Ross A. Wilson
**DINSMORE & SHOHL LLP**
255 East Fifth Street, Suite 1900
Cincinnati, Ohio 45202
ross.wilson@dinsmore.com
Telephone: (513) 977-8200

Michael A. Xavier (*pro hac vice* motion forthcoming)
**DINSMORE & SHOHL LLP**
1775 Sherman Street, Suite 2600
Denver, Colorado 80203
michael.xavier@dinsmore.com
Telephone: (303) 831-6980

Cesar J. Munoz (*pro hac vice* motion forthcoming)
**DINSMORE & SHOHL LLP**
222 W. Adams Street, Suite 3400
Chicago, Illinois 60606
cesar.munoz@dinsmore.com
Telephone: (312) 372-6060

*Attorneys for Defendant Giftcraft 2025 Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2026, the foregoing document was electronically filed with the Clerk of Courts for the U.S.D.C. for the Southern District of New York, via the Court's CM/ECF system which will also serve a copy upon all counsel of record.

*/s/ Ross A. Wilson*
Ross A. Wilson

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//